# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LINDA M. GONZALES, | § | |
| *Plaintiff*, | § § § | |
| v. | § | Civil Action No. SA-13-CV-733-XR |
| EVERBANK, | § § § | |
| *Defendant*. | § § | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

On this date, the Court considered Defendant's motion to dismiss (docket no. 2). For the following reasons, the Court GRANTS the motion.

### I. Background

On August 6, 2013, Plaintiff Linda M. Gonzales filed a state-court petition with an application for a temporary restraining order in the 45th Judicial District Court of Bexar County, Texas. Docket No. 1-4. By her lawsuit, Plaintiff sought to prevent a foreclosure sale of her home, scheduled for that day.

Plaintiff asserts in her petition that Defendant Everbank is the "noteholder/lienholder" of her mortgage. Plaintiff alleges that, "Defendant has failed to act in good faith; it has noticed acceleration of Plaintiff's indebtedness against her said homestead and posted same for foreclosure sale, having failed to negotiate fairly and justly toward fixing the extent of and curing any default." Additionally—and without providing further background information—Plaintiff asserts that her "modification application has been submitted to Defendant and approved; performance is pending as of [August 6, 2013]." Plaintiff does not allege a cause of action; she

simply states, "sale is unjust under the circumstances." Plaintiff requests injunctive relief to stop the impending foreclosure sale, an accounting of the loan, and a "reasonable opportunity to satisfy or reinstate" her mortgage.

On August 6, 2013, the state court granted Plaintiff a temporary restraining order. Docket No. 1-8. Thereafter, on August 8, 2013, Defendant removed the action to this Court based on diversity jurisdiction.[1] On August 21, 2013, Defendant filed a motion to dismiss Plaintiff's lawsuit for failure to state a claim. Docket No. 2. Plaintiff did not respond.

## II. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief must contain (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## III. Discussion

---

[1] *See* Docket No. 1 (Defendant asserting that it is a federal savings association with its principal office located in Florida and attaching evidence showing a property value of $98,850); *see also Farkas v. GMAC Mortg., L.L.C.*, No. 12-20668, 2013 WL 6231114, at *2 (5th Cir. Dec. 2, 2013) (explaining that for those cases in which a plaintiff seeks to enjoin a foreclosure sale, the value of the property represents the amount in controversy).

Construing Plaintiff's complaint generously, Plaintiff asserts claims against Defendant for (1) breach of the duty of good fair and fair dealing and (2) breach of contract.

In Texas, a mortgagor and mortgagee do not share a fiduciary relationship. *Lovell v. W. Nat. Life Ins. Co.*, 754 S.W.2d 298, 303 (Tex. App.—Amarillo 1988, writ denied).  Nor does Texas law impose a duty of good faith and fair dealing in the lender-borrower relationships. *See Hall v. Resolution Trust Corp.*, 958 F.2d 75, 79 (5th Cir. 1992) (citing *Cockrell v. Republic Mortg. Ins. Co.*, 817 S.W.2d 106, 116 (Tex. App.—Dallas 1991, no writ).  Accordingly, to the extent that Plaintiff asserts a claim for breach of the duty of good faith and fair dealing, she fails to state a claim for which relief can be granted.

Next, to succeed on a breach of contract claim, a plaintiff must show "(1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant, and (4) resulting damages." *Rice v. Metro. Life Ins. Co.,* 324 S.W.3d 660, 666 (Tex. App.—Fort Worth 2010, no pet.).  A valid contract in Texas requires (1) an offer, (2) acceptance in strict compliance with the offer's terms, (3) meeting of the minds, (4) each party's consent to the terms, (5) the contract to be executed and delivered with intent that it be mutual and binding, and (6) consideration. *Id.* at 670.  When considering an unsigned mortgage modification agreement, the Fifth Circuit has stated, "Texas courts give significant weight to express requirements that contracts be executed by the parties before they become binding." *Pennington v. HSBC Bank USA, N.A.*, 493 F. App'x. 548, 554–55 (5th Cir. 2012) *cert. denied,* 133 S. Ct. 1272, 185 L. Ed. 2d 185 (2013); *see also Jimenez v. Flagstar Bank, F.S.B.*, SA-13-CV-186-XR, 2013 WL 6332128, at *5 (W.D. Tex. Dec. 5, 2013).

Here, Plaintiff fails to allege facts supporting the specific elements of her breach of contract claim. She simply states, "Plaintiff's modification application has been submitted to Defendant and approved; performance is pending as of [August 6, 2013]." Plaintiff's bare-bones assertion does not allege facts that, if taken as true, show that the purported modification is a valid contract. Plaintiff does not allege facts regarding (1) an offer, (2) acceptance in strict compliance with the offer's terms, (3) meeting of the minds, (4) each party's consent to the terms, (5) the contract to be executed and delivered with intent that it be mutual and binding, and (6) consideration. Nor can the Court infer these elements. *See Iqbal*, 556 U.S. at 662, 678 (instructing courts to accept only reasonable inferences and to reject legal conclusions couched as factual allegations). Moreover, Plaintiff does not allege sufficient facts as to her performance or tendered performance. Plaintiff simply states "performance is pending," without clarifying whose performance is pending. Because Plaintiff does not allege facts on all of the necessary elements of her breach of contract claim, she fails to state a claim upon which relief can be granted. Since under limited circumstances a mortgagor may prevail under a breach of mortgage modification claim, Plaintiff is granted the opportunity to replead her claim to meet federal pleading standards.

## IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss (docket no. 2) is GRANTED.

Plaintiff's claim for breach of the duty of good fair and fair dealing is DISMISSED WITH PREJUDICE.

Plaintiff's claim for breach of contract is DISMISSED WITHOUT PREJUDICE. Plaintiff is granted leave to amend her complaint solely to replead her breach of contract claim. Plaintiff must replead by **January 10, 2013**, or her complaint will be dismissed with prejudice.

It is so ORDERED.

SIGNED this 17th day of December, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE